*By the Court :
It is well settled that if the defendant die after execution is sued out and levied, that the execution px-oceeds as if the death had not taken place. The reason generally given for this is, that execu *267 tion is an entire thing, and having once commenced, can no.t be stopped. Bat there is undoubtedly a much more satisfactory reason to warrant the proceeding, at least in the case of a levy upon chattels. By the levy the property of the defendant in the goods is divested, and the sheriff acquires a special property, which it is his duty to divest himself of according to the exigent of the writ. No rights are affected by this proceeding but those of the actual parties; no other interests are touched.
If the defendant die after execution sued out and before levy made, the execution can not proceed. And the reason is this : the sheriff is commanded to take the property of the defendant, but by his death this becomes impossible. His right of property terminated and other rights have commenced. Whether this right rests in the heir, administrator, executor, or devisee, it matters not. The right of property is changed, and with that change the authority of the sheriff, under the execution to take it, is gone. He might as well levy the property of an entire stranger.
This proposition is not affected by the fact that the property of a deceased person remains liable, in some shape, for the satisfaction of the judgments against him. The law has prescribed the mode of reaching it in the hands of those to whom it passes at the death; and that method must be pursued.
It may, for the sake of argument, be conceded that an execution issued upon a judgment, where the defendant is dead, is not void, but voidable only; its effect is not the less nugatory. There is nothing upon which it can operate. It commands that to be done which is impossible. If the officer seize chattels of which the defendant died possessed, they belong to the personal representative. If he levy on land, it is the property of the heir or devisee. The only true return he can make is that there is nothing upon which he can levy.
*We have carefully examined the cases cited by the defendant, in which it is said to be adjudged that a sale of lands, upon execution sued out and levied, after the death of the judgment debtor, is so far valid that it can not be questioned collaterally on the trial of an ejectment. The cases do not sustain this position. In the case of Jackson v. Delaney, a scire facias to revive the judgment was issued, served, and a judgment rendered upon it. It was alleged that the person to be affected was not a party, and that, as to her, the case stood as if no scire facias had issued. What weight *268 this had in the decision we can not tell. Judge Kent, himself, placed the cause upon the ground, that the description of the lands, in the sheriff’s deed, was too indefinite and vague to convey title.
The case of Jackson v. Robins is open to the same objection There was a scire facias, and it was served upon the party claiming in that case, and judgment rendered on it. So that the point now before us was not decided, although discussed, and some remarks made upon it by Judge Kent.
We have every possible respect for the opinions of that distinguished jurist. But we can not adopt the arguments he has thrown out upon this subject. He says he “ takes the law to be, that even the omission altogether of the scire facias will not, as of course, render void a sale under execution.” He illustrates this position, by referring to cases where executions, sued on judgments, after a year and a day, were held not to be void, but a justification to the party who acted under them. He supposes that there is no difference between such cases, and one where the defendant was actually not in existence. And he cites the case from 2 Binney, as in point, to sustain his opinion. But we think the cases are materially and essentially different.
In the first case, there is no change of parties, nor of interests. The defendant on the judgment against whom execution issues, is a living party, competent to protect his own rights. It is upon his property that the execution is to be levied, and when so levied, the command of the writ is strictly complied with. No rights are interfered with but those of a party to the judgment. It has been already shown, that in the case of the defendant’s *death, the rights of property are changed, and other parties are interested. This single consideration destroys all analogy between the two cases.
By our laws, the personal goods of a decedent constitute the primary fund for the payment of debts. It is only when they aro exhausted that land can be subjected in aid of them. If, upon execution against the deceased, a sale of land could be valid, the heir might be greatly prejudiced. The personal representative having the personal estate in his possession, the sheriff could not touch it, the land only could be levied on, and thus might be swept away, for the payment of debts, when in fact the personal estate is sufficient. The heir or devisee may thus be deprived of his estate without any opportunity to defend it. The concession, that such execution is irregular and may be set aside, at a proper time, does *269 not remedy the mischief. The heir is no party, and is not bound to know, or take notice of the proceeding. On the contrary, the maxim of the law is, that he should have a day in court, not to be sought for by himself, but upon the call of the plaintiff. We think that there is a much stronger necessity, in this case, for a scire facias against the heir or devisee, than in the case of judgment, where the defendant is alive, but no execution has been sued within the time limited by law.
We do not consider the case from Binney as any more in point than those from New York. In that case, a scire facias was sued out, as in the New York cases, and there was a judgment upon it. The defect in the service was an irregularity, but the judgment upon it was not therefore void. The execution issued upon a judgment, against a living defendant, party to that judgment, not, as in this case, against a deceased defendant. In that case, the execution was levied upon the land of a living defendant; not, as in this, upon the lands of persons neither parties nor privies. It was clearly a case of irregularity, which amounted to error, but could not make the judgment a nullity.
The cases from Massachusetts are all judgments against executors or administrators; and in that state lands are assets, in their hands, so that the doctrine there can have no application here.
*It is therefore the opinion of the court that the sale by the sheriff was inoperative, and did not divest the lessors of the plaintiffs of their title.
Upon the second point there can be no difficulty. The assessment of a tax upon a “part of a lot,” or “one acre of a lot,” without quantity or location, in the one case, or without location in the other, is too vague and indefinite to authorize a sale of any part or in any place.
By section 59 of the judicial act, it is provided that “in all actions of ejectment the plaintiff shall have the same benefit and advantage from a joint demise that he could from several demises.” This embraces the case of tenants in common. We have so settled this term in the case of the Lessee of Wilkinson v. Fleming, from Butler county.
The objection that infants can not make a lease by prochein amie is fatal to the plaintiff’s recovery for all that he claims upon the demises of the infants.
Although the demise is a mere fiction, it is treated for many *270 purposes as a real transaction. If the lessor of .the plaintiff die pending the suit it does not abate, because the nominal plaintiff survives. If, pending the suit, the lessor convey his interest in the land, the plaintiff may still recover. The lessor by transferring the fee can not destroy the term of the lessee, but must convey subject to it. The demise, for the purpose of justice, is thus considered a real transaction, and must therefore have the appearance of a legal one. A prochein amie has no power to lease the lands of his protege. He is neither attorney nor guardian. His office is solely to prosecute the suit, and for this purpose it is not necessary he should execute the supposed lease. A person acting in the character of an infant’s friend could not make a lease of lands that would bind the infant, or give the lessee a right of possession. Such a lease, though fictitious, yet being a necessary part of the plaintiff’s right to recover, must be equally inoperative for that purpose. The verdict is incorrect, and must be set aside. Except for the undivided part of the lessor, who, being of age, joined the prochein amie in the demise.
Judgment accordingly.†

NoTE by the Bditor. — That tenants in common may make joint demise, see also ii. 301; vii. part 2, 136; viii. 180; vi. 391. As to levy of execution after defendant’s death, see also i. 458; v. 221. Revival by scire facias on death of defendant, see Swan’s Stat. 669, secs. 86, 87; also, xlv. Ohio L. 25. Eor the cases when descriptions in tax sales have been held defective, iii. 569; v. 458; x. 152; vi. 161; xi. 316; xvi. 24.